IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AIMEE LAFFERTY, | : |
|                       Plaintiff, | :    CIVIL ACTION |
| v. | :    NO. 14-cv-0181 |
| CAROLYN COLVIN, Commissioner of the Social Security Administration, | : |
|                       Defendant. | : |

**MEMORANDUM**

YOHN, J.                                                                                                              July 22, 2014

This action arises from the Social Security Administration's ("SSA") denial of Aimee Lafferty's application for Disability Insurance Benefits ("DIB") on res judicata grounds. Lafferty seeks review of the SSA's decision alleging the ALJ denied her DIB application in error. The SSA now moves to dismiss the claim on the ground that this court lacks subject matter jurisdiction to review its dismissal of Lafferty's DIB application. For the following reasons, I will grant the motion to dismiss.

**I.      Background**

On September 7, 2004, Lafferty filed an application to the SSA for DIB on the basis of an alleged disability said to have onset on June 5, 2002 and kept her from gainful employment since. On February 23, 2007, the ALJ denied Lafferty's application on the basis that she was not sufficiently disabled to be eligible for DIB. As part of its denial, the ALJ considered evidence submitted by Lafferty as to her injuries, diseases, and impairments going back to 1997. Lafferty did not appeal the ALJ's decision to the SSA's Appeals Council.

1

On May 29, 2007, Lafferty filed a new application for DIB on the basis of an alleged disability with an alleged onset date of March 1, 2002.[1] On May 21, 2013, the ALJ issued a Notice of Dismissal denying Lafferty's May 2007 application. According to the ALJ, the May 2007 application related to the same claims and injuries that were at issue in the September 2004 application, and res judicata therefore barred the initiation of a new claim based on the same events. To the extent that Lafferty's application was more properly construed as a request for the SSA to reopen the September 2004 application, the ALJ concluded that there was no reason to reopen the prior application because Lafferty had submitted no new evidence for the SSA to consider. The Appeals Council denied Lafferty's request for review on November 12, 2013.

On January 13, 2014, Lafferty filed this suit seeking review of the SSA's dismissal of her 2007 application for DIB. The Acting Commissioner filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) on April 17, 2014, to which Lafferty filed a response on April 29, 2014.

**II.    Legal Standard**

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When evaluating a motion to dismiss for lack of subject matter jurisdiction, the court is "not confined to allegations in the plaintiff's complaint, but [can] consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction." *Gotha v. U.S.*, 115 F.3d 176, 179 (3d Cir. 1997) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "No presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* The plaintiff bears the burden of persuasion. *Mortensen*, 549 F.2d at 889.

---

[1] Lafferty's last insured date was December 31, 2006.

**III.   Discussion**

§ 205 of the Social Security Act grants federal district courts jurisdiction to review final decisions made by the SSA after a hearing. 42 U.S.C. § 405. In general, "federal courts lack jurisdiction under § 205 to review the Commissioner's discretionary decision . . . to deny a subsequent application on res judicata grounds." *Tobak v. Apfel*, 195 F.3d 183, 187 (3d Cir. 1999) (citing *Sanders v. Califano*, 430 U.S. 99, 107-09 (1977)); *see also id*. ("[B]ecause an administrative decision . . . denying a subsequent claim on res judicata grounds does not require a hearing, it is not a 'final decision . . . made after a hearing' as required for jurisdiction under § 205(g) of the Act."). "[A] district court can review a claim denied on res judicata grounds only when (i) the claims and issues involved are not the same for res judicata purposes, (ii) where the same claims and issues are involved but the claim was reconsidered on its merits at some point prior to review (meaning the case was 'reopened')[,] or (iii) where the Commissioner's decision has been challenged on constitutional grounds." *Roberts v. Astrue,* No. 11-166, 2012 WL 1850945, at *2 (W.D. Pa. May 21, 2012) (citing *Sanders*, 430 U.S. at 107; *McGowen v. Harris*, 666 F.2d 60, 65 (4th Cir. 1981)).

Here, because the decision of the SSA from which Lafferty appeals was based on res judicata, the court has jurisdiction only if: (1) the SSA did not apply res judicata properly, (2) the SSA reopened Lafferty's September 2004 application in the course of denying her May 2007 application, or (3) Lafferty is challenging the denial of her May 2007 application on constitutional grounds. *Id*. To this effect, Lafferty does not dispute that her 2004 and 2007 applications pertained to the same claims and issues, and, although Lafferty alleges that the SSA should have provided her with greater advance notice of a hearing on her 2007 application, her

3

complaint does not claim violation of any constitutional provisions.[2] Lafferty does contend that the ALJ reopened her 2004 application when he stated in his Dismissal Order that he reviewed the record from her previous application and determined that there was no new evidence to consider. However, a finding that a new application does not bring new evidence to the court's attention plainly does not involve a reconsideration of the evidence previously submitted. There is no evidence otherwise that the ALJ evaluated the merits of Lafferty's claim in denying her 2007 application.[3]

### IV. Conclusion

The SSA denied Lafferty's 2007 application on res judicata grounds, and none of the exceptions that would permit the court to have jurisdiction after a denial on res judicata grounds is applicable. Accordingly, this court does not have jurisdiction to review that denial under § 205 of the Social Security Act, *see Tobak*, 195 F.3d at 187, and the motion to dismiss for lack of subject matter jurisdiction will be granted.[4]

An appropriate order follows.

---

[2] I note that Lafferty is counseled by a member of the Pennsylvania bar.

[3] While contending this court has subject matter jurisdiction because her case was reopened by the ALJ, Lafferty contends in the alternative that the ALJ's failure to reopen the 2004 application was in error. "[I]t is well settled that federal courts lack jurisdiction under §205 to review the Commissioner's discretionary decision to decline to reopen a prior application[.]" *Tobak*, 195 F.3d at 187.

[4] The ALJ noted that Lafferty had also filed an application for Supplemental Security Income benefits on May 29, 2007, and she was notified that she was eligible for those benefits on March 19, 2008, effective July 1, 2007.